KATZ et al. v. WEIR.

(Supreme Court, Appellate Term.  March 5, 1909.)

CARRIERS (§ 134*)—LOSS OF FREIGHT—DELIVERY TO CARRIER—EVIDENCE.

In an action against a carrier for loss of freight, evidence *held* insufficient to establish a delivery of the goods to the carrier or the making of a contract of transportation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 589; Dec. Dig. § 134.*]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Solomon Katz and another against Levi C. Weir, as president of the Adams Express Company.  Judgment for defendant, and plaintiffs appeal.  Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Kneeland & Glaze (Stillman F. Kneeland, of counsel), for appellants.

Cravath, Henderson & De Gersdorff (Arthur W. Clement, of counsel), for respondent.

GILDERSLEEVE, P. J.  The plaintiffs claim to have delivered certain goods to defendant's express company for transportation, and that said goods were never delivered at their destination, and have been lost.  The defendant denies that any such goods were ever delivered by plaintiffs to defendant.  The court dismissed the complaint on the merits, and from the judgment entered thereon plaintiffs appeal.

The plaintiffs show a receipt for the goods in the usual form of defendant's receipts, and, apparently, taken from a regular receipt book of defendant's express company.  The plaintiffs also show that the goods were delivered to some person assuming charge of an express wagon which bore on its side the name of Adams Express Company.  To offset this defendant proved that it had no record of receiving such goods and that none of the drivers who usually went over that route signed the receipts or recollected receiving the goods. This signature on the receipt consists of initials so imperfectly written that it is practically impossible to decipher them.  One of the drivers testified, on cross-examination, that sometimes other parties than the drivers and the helpers went with the wagon and signed the receipts, and that sometimes the receipts were signed by the clerks in the office.  Defendant unsuccessfully endeavored to trace the goods.  One of the plaintiffs testified that he gave the goods to the boy to take to the express office.  It also appears that all other shipments were made directly from plaintiffs' place of business or from defendant's office.  Defendant's witnesses showed the names of the men in charge of defendant's wagon on September 12th, the day of the alleged de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

livery, each one of whom denied the signature on the receipt, and which was unknown to defendant. Plaintiffs' messenger disobeyed instructions, even if he told the truth as to the claimed shipping of the package through a person said to be on defendant's wagon, but in no other way identified with defendant. The proofs were insufficient to establish a contract, and the complaint was therefore properly dismissed.

The judgment is affirmed, with costs.

DAYTON, J., concurs.

MacLEAN, J. (dissenting). Proven that the plaintiffs' clerk at the rear entrance of the plaintiffs' place of business delivered a parcel to the driver (whose cap bore the name of Adams Express Company), upon a wagon bearing the same well-known sign and waiting on Crosby Street just opposite the defendant's branch office, and that the driver signed the receipt (produced on the trial) for the parcel on one of the defendant's forms, the defendant contends the case is not made out, because the signature is not recognized by a certain few of the defendant's many servants; three of the drivers who regularly served that route testifying they did not sign or know the signature and testifying, too, that substitutes sometimes served their route, and that helpers on the wagons on occasions signed receipts. That process of elimination of the defendant by exhaustion is too incomplete to mean anything. If it may be held as a defense, then all of us are weakly unwary who, as most of us do, deliver for transportation to drivers in uniform upon wagons, both labeled with the familiar title "Adams Express Company."

The judgment should be reversed.